FRANK VONELLA ET AL., PLAINTIFFS, v. JOSEPH
SHUBERT, DEFENDANT.

Decided October 2, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *Edwards & Smith.*

*Contra, Giordano & Golden.*

PER CURIAM.

This is an automobile accident case. The plaintiff Vonella
was driving a truck on Second avenue, in the city of Long
Branch. His co-plaintiff, one Mion, was riding in the truck
with him. Each of them was injured in a collision of this
truck with an automobile which was being driven by Mrs.
Charlotte Holt, and which was owned by the defendant, Shu-
bert; and suit was brought against the latter to recover com-
pensation for the injuries thus received. The jury awarded
Vonella $700 and Mion $953. The defendant thereupon ap-
plied for and was allowed the present rule to show cause.

The plaintiffs' claim was based upon the contention that
Mrs. Holt, in driving the car, was acting as the agent of the
defendant, or at least was operating it for his benefit. The
proofs submitted on the part of the defendant showed that a
party of friends, of whom the defendant was one and Mrs.
Holt's husband and herself were others, had rented summer
quarters in a house in Long Branch, and that Shubert, who
owned an automobile, left it in a garage near this house dur-
ing his absences from Long Branch for the use of the other

members of the party, such use being for their own pleasure or business; that on the occasion of the accident Shubert was away from Long Branch, and Mrs. Holt, by virtue of this permission granted by him, was using the car for the purpose of taking a friend of hers to the hospital. These facts are not only sustained by a great preponderance of the evidence but were not attempted to be controverted. Accepting them as true, the verdict, which is based upon the theory that Mrs. Holt in driving the car was acting as the agent or for the benefit of Shubert, the owner, is without legal support, and, for this reason, the rule to show cause will be made absolute.